A. R. HOWE ET AL. *v.* THE STATE OF MISSISSIPPI.

1. COUNTY TREASURER.   *Covenant on bond.   Limitation of action.*
   The Statute of Limitations of three years is not a good plea to an action of covenant on the bond of a county treasurer, to recover money illegally retained by him, and not delivered by him to his successor at the expiration of his office.

2. SAME.   *Treasurer's reports, and orders of board of supervisors thereon, competent evidence.*
   In an action of covenant by the state, for the use of a county, against the principal and sureties on the official bond of a county treasurer, to recover money illegally retained by him, and not delivered by him to his successor at the expiration of his office, to which the defendants plead performance of the condition of the bond sued on, it is competent for the plaintiff to introduce in evidence the different reports made by the county treasurer to the board of supervisors of the county during his term of office, and the orders of the board thereon.

3. SAME.   *Report of county attorneys, and order of board of supervisors thereon, incompetent as evidence.*
   A report of the county attorneys to the board of supervisors of a county on the subject of treasurer's commissions, and an order of the board of supervisors on the report, is incompetent evidence for the defendants in an action of covenant by the state, for the use of the county, against the county treasurer, on his official bond, to recover money

illegally retained by him, under a plea by the defendants of performance of the condition of the bond.

4. RES ADJUDICATA.   *Illegal action of board of supervisors.   County Treasurer.   Suit on bond.*

Where the compensation of the county treasurer is fixed by law, the action of the board of supervisors of the county, approving the reports of the county treasurer, wherein he claims and retains compensation in excess of that allowed by law, is null and void, and affords no protection to the treasurer and his sureties against a suit on his official bond for the money so illegally retained by him.

5. COUNTY TREASURER.   *Excessive and illegal commissions.*

It is the duty of a county treasurer, to secure the performance of which his official bond is required, to deliver to his successor all money in his hands belonging to the county, at the expiration of his term of office; and, if he claims and retains excessive and illegal commissions, the condition of the bond is broken, and he and his sureties are liable for the excessive illegal commissions so claimed and retained by him.

6. RES ADJUDICATA.   *Action of board of supervisors in allowing illegal commissions to county treasurer.*

The fact that the board of supervisors of a county have approved the reports of the county treasurer, which distinctly show on their face a claim tq excessive and illegal commissions, and thereby allowed to him the amount of the commissions, is not a conclusive adjudication which will protect him and his sureties, in a suit upon his official bond, against a recovery for the amount of excessive and illegal commissions so retained by him.

7. VOLUNTARY PAYMENT.   *Allowance of illegal commissions by board of supervisors to county treasurer.*

The allowance by the board of supervisors of a county of excessive and illegal commissions to the county treasurer, and the approval by the board of his accounts, showing on their face that he had retained said sums, is not such a voluntary payment by the board of supervisors as to prevent the recovery, by a suit on his official bond, of the amounts so retained by him.

8. BOARD OF SUPERVISORS.   *Duties and powers in examining treasurer's reports.*

The board of supervisors is the official agent of the county to scrutinize the reports of the county treasurer, to discover if his statements of receipts is correct, and if his charges for disbursements are supported by proper vouchers, and to count the money on hand to see if it is the true amount.   But they cannot fix liability on the treasurer by deciding any question against him, or discharge him by any judgment in his favor.   If necessary to protect the interests of the county, they may cause proper legal proceedings to be instituted against him for any breach of official duty.

9. Same. *Duties of board of supervisors ministerial.*

   In examining and approving the reports of the county treasurer, the
   duties of the board of supervisors of the county are ministerial and
   not judicial, and they have no power to decide what commissions the
   county treasurer should have.

10. Board of Supervisors. *Illegal appropriation of county funds. No
    protection to recipient.*

    A board of supervisors has no right to appropriate the money of the
    county to any object not authorized by law; and, if it does, it
    affords no protection to the person receiving it, and confers no rights
    upon him.

11. Pleading. *Covenant on bond of county treasurer. Averment of author-
    ity from board of supervisors to sue.*

    A declaration in covenant against the principal and sureties on the
    official bond of a county treasurer, in the name of the State, for
    the use of the county, to recover money which the treasurer has
    illegally refused to pay over to his successor, need not contain an
    averment that the action was ordered or authorized by the board of
    supervisors of the county.

Error to the Circuit Court of Panola County.

Hon. Samuel Powel, Judge.

This was an action of covenant against A. R. Howe and his
sureties, W. W. Howe, J. F. Simmons, and A. Warner, upon
the official bond of said A. R. Howe, as former treasurer of
Panola County, in the name of the State, for the use of the
county.

The declaration, with which said bond was filed as an
exhibit, averred that A. R. Howe, as treasurer of Panola
County, during his term of office, between the 1st of January,
1870, and the 1st of January, 1872, received a large amount
of money belonging to said county, known as the Common
County Fund, which it was his duty to safely keep and
disburse and account for, to wit, the sum of $124,162.60,
and to pay over to his successor at the expiration of his
term of office all the money in his hands belonging to the
county. But that said Howe did not account for and pay
over a large amount of said fund, to wit, the sum of $1,633.68,
but retained the same to his own use, &c.

To the declaration the defendants filed two pleas, general
performance, and the three years' Statute of Limitations.

To the latter plea the plaintiff demurred. The demurrer was

sustained by the court, with leave to the defendants to plead over, which they declined to do, but excepted to the ruling of the court; and thereupon the parties proceeded to trial upon the issues made by the first plea of general performance.

The plaintiff then offered in evidence the accounts or reports made by A. R. Howe, as treasurer, to the board of supervisors, from time to time, together with the orders of the board of supervisors thereon, approving and allowing the same. To the introduction of these accounts the defendants objected. The court overruled the objection, and the defendants excepted thereto; whereupon the said accounts or reports, and orders approving the same, were read in evidence. This was all the evidence introduced and relied upon by the plaintiff. The amount sued for in this action consists of an alleged excess of commissions allowed to said A. R. Howe, as treasurer, by the board of supervisors, as claimed by him in his said accounts, wherein the per cent and amount of commissions claimed by him are distinctly set forth in every account where commissions were allowed.

The defendants then offered and read in evidence the opinion or report of the county attorneys, Messrs. Cooper and Hall, made to the board of supervisors upon the examination of the accounts of various ex-treasurers, wherein they reported the alleged delinquencies of A. R. Howe, together with the joint answer thereto of A. R. and W. W. Howe, and the order or decree of the board of supervisors thereon. This evidence was, on motion of the plaintiff, excluded by the court; to which ruling of the court the defendants excepted.

The defendants also introduced A. R. Howe as a witness, and proved by him that he was treasurer of Panola County during the time alleged in the declaration; that the question of commissions allowed to him as treasurer was brought to the notice of the board of supervisors at the time they passed on the same, and was canvassed and fully understood by them.

This was all the evidence introduced by the defendants.

The plaintiff then asked for one instruction to the jury, which was given by the court, as follows:—

" The court instructs the jury that orders of boards of supervisors, allowing to treasurers commissions in excess of the per

cent fixed and limited by statute, are, to the extent of such excess, void, and constitute no valid defence to an action for the recovery of such excessive commissions. If, therefore, the jury believe that the defendant, A. R. Howe, as treasurer, retained commissions in excess of the lawful per cent, and that he still retains the same, then he is liable for such excess, notwithstanding there may have been an allowance thereof by the board of supervisors."

The defendants asked for the three following instructions to the jury, all of which were refused by the court: —

1. " If the jury believe from the evidence that the amount sued for in this action consists of an excess in the commissions allowed to defendant, Howe, as treasurer, by the board of supervisors, and that the commissions claimed by him, and so allowed, appeared as items, and were set forth in defendant's reports to said board, filed from time to time as required by law, then the retention of such commissions does not constitute a breach of the bond, and they will find for the defendants."

2. " If the jury believe from the evidence that the amount sued for in this action consists of an excess in the commissions allowed by the board of supervisors, and that the commissions claimed by him, and so allowed by the board, appeared as items, and were set forth in said treasurer's reports to said board, filed from time to time as required by law, and that the board entered upon its minutes orders approving said treasurer's reports, then such orders are judgments final and conclusive, and they will find for defendants."

3. " If the jury believe from the evidence that the amount sued for in this action consists of an excess in the commissions allowed to defendant, Howe, as treasurer, by the board of supervisors, and that the commissions claimed by him, and so allowed by the board, appeared as items, and were set forth in said treasurer's reports, filed from time to time as required by law, and that the board entered upon its minutes orders approving and allowing said reports, then this constituted a voluntary payment to said Howe, and the same cannot be recovered back, and the jury will find for defendants."

To the giving of the instruction for the plaintiff, and

the refusal of those asked for the defence, the defendants excepted.

The jury returned a verdict for the plaintiff for $2,101.36.

The defendants thereupon entered their motion, asking the court to set aside the verdict, and grant them a new trial. This motion the court overruled, and rendered judgment on said verdict against the defendants.

The defendants thereupon sued out a writ of error, brought the case to this court, and here assign for error, —

1. The court below erred in sustaining the plaintiff's demurrer to the defendants' plea of the Statute of Limitations.

2. The court below erred in admitting in evidence the accounts or reports of A. R. Howe, as treasurer, made to the board of supervisors, introduced and read in evidence by the defendant in error.

3. The court below erred in excluding the report of county attorneys Cooper and Hall, made to the board of supervisors, offered in evidence by the plaintiffs in error.

4. The court below erred in giving to the jury the instruction asked for by the defendant in error.

5. The court below erred in refusing to give the jury the instructions 1, 2, and 3, asked for by the plaintiffs in error.

6. The court below erred in not extending the demurrer to the defendants' plea of the Statute of Limitations back to the declaration, and sustaining the demurrer to said declaration.

7. The court below erred in overruling the motion for a new trial.

*W. D. Miller,* for the plaintiffs in error.

1. There was no evidence to show a breach of covenant.

2. The reports of Howe, as treasurer, the only evidence offered to show a breach of covenant, having been allowed and approved by the board of supervisors, were finally adjudicated, and cannot be collaterally questioned. Code 1871, §§ 1356, 1357, 1360, 1361, 1383, 264, 1382; *County of Yallabusha* v. *Carbry,* 3 S. & M. 529; *Ross* v. *Lane,* 3 S. & M. 695; *County of Attalla* v. *Grant,* 9 S. & M. 90; *Carroll* v. *Board of Police of Tishamingo County,* 6 Cush. 47; *Arthur* v. *Adams,* 49 Miss. 404; *Supervisors of Onondaga County* v. *Briggs,*

2 Denio, 26; *Commonwealth* v. *Jones*, Am. Law Reg., June, 1875, 385; 42 Miss. 237; 47 Miss. 181; 51 Miss. 812.

3. The alleged excess in the commissions allowed to A. R. Howe, as treasurer, by the board of supervisors, and which is the foundation of this action, having been allowed by the board, upon his reports setting forth the same, this constitutes a voluntary payment to Howe, and therefore such excess, though illegal, cannot be recovered back. *Supervisors of Onondaga County* v. *Briggs*, 2 Denio, 26; *Clarke* v. *Dutcher*, 9 Cowen, 674; *Mowatt* v. *Wright*, 1 Wend. 355; 2 Hill, 135; 18 Cal. 265; *Lake* v. *City of Buffalo*, 3 Clinton's Dig. N. Y. p. 3095, § 19; 2 id. p. 2477, § 149; § 264, Code 1871.

*Miller & Miller* and *Powel & Johnston*, on the same side.

*George E. Harris*, Attorney-General, for the State.

1. The demurrer to the plea was properly sustained, because the three years' Statute of Limitations does not apply to official bonds of county officers under seal. Code 1871, § 2169.

2. The reports and settlements of the treasurer were the best evidence to show the amount received and disbursed, and the amount of commissions retained. 1 Greenl. Evid. §§ 82–84.

3. The record and proceedings of a former investigation were not admissible in evidence, and were properly excluded, because they contained nothing relative to the plaintiff in error more than did the record introduced by the plaintiff below. It is a long and tedious report, answer, and irregular order of the board of supervisors, declining to reopen this matter; and could only tend to confuse the jury, by showing that, if he had done wrong, other persons had also done wrong before him.

4. The instruction asked by the plaintiff below, and given by the court, was correct. It instructed the jury that the order of the board of supervisors, allowing excessive commissions, was void, and was not a valid defence to this action. This was correct, —

(1.) Because the board had no authority to allow the commissions, no jurisdiction to make them binding.

(2.) His compensation was regulated by law at three per cent, and only once on the same funds.

(3.) So long as he retained funds belonging to the county, he has not performed the conditions of his bond.

(4.) It is a query whether a board of supervisors is a court or a *quasi* corporation.

(5.) Its acts may be inquired into, not being judicial acts. 42 Miss. 245 ; 3 S. & M. 529.

(6.) The orders of the board are judicial acts, and amount to judgments only in certain cases provided by the statute, and from which appeals may lie.   49 Miss. 404 ; 51 Miss. 68.

(7.) If the board is a court for the purpose of making such an order, and the order is a judgment, the court is limited in its jurisdiction ; and the record shows that the court exceeded its jurisdiction ; and the order of judgment is void, because the jurisdictional facts do not appear affirmatively on the record.   31 Miss. 578 ; 39 Miss. 784 ; 44 Miss. 394 ; Walker, 75.

5. It was not a voluntary payment for want of authority to make such a payment.   A voluntary payment cannot be made by one acting as a trustee of a public fund ; and, if it has been misapplied, and has gone into the hands of another wrongfully, such wrongful holder having notice of the character of the fund, it may be pursued.

*R. H. Taylor* and *James G. Hall, Jr.*, on the same side.

The demurrer of the appellee to the appellant's plea of the Statute of Limitations was properly sustained.   Instruments under seal are not barred in three years, but in seven.   Code, § 2151 ; Laws 1873, p. 42.

The second assignment of error is not well taken.   The official reports of the appellant, as treasurer, were clearly admissible as evidence against him.   They were record evidence, made by himself, bearing upon the very point in controversy, and showing the manner in which he had performed his duties as treasurer.   They were the best evidence which could have been introduced upon that point.

The third, fourth, fifth, and sixth assignments of error are equally untenable.   The orders of the board of supervisors, allowing the appellant illegal commissions as treasurer, were void. The board, except as to roads, ferries, and bridges, exercises power and jurisdiction only by virtue of the statute.   Const., art. 6, § 20.   " With a limitation on its power, it can only

act within the limit, and any excess is void." *Klein* v. *Board of Supervisors*, 51 Miss. 812. The jurisdiction of the board may always be inquired into. It has been the primary question determined in every case decided in our courts, from *Yalobusha County* v. *Corbry*, 3 S. & M. 529, to *Files* v. *M' Williams*, 49 Miss. 578. If it had jurisdiction, no mere abuse of the discretion confided to it, or simply defective execution of its power, invalidated its judgments. But where the board had no jurisdiction, or exceeded the limit fixed by statute, or, having authority to act, had not complied with essential statutory requirements, its orders have been held to be nullities. *Beauman* v. *Board of Police of Leake County*, 42 Miss. 237 ; *Vernon* v. *Board of Police of Tippah County*, 47 Miss. 181 ; *Ballard* v. *Davis*, 2 George, 525 ; *Files* v. *M' Williams*, 49 Miss. 578. And the same principle is held in other States. *State* v. *Yeatman*, 22 Ohio St. 546 ; *English* v. *Smock*, 34 Ind. 118 ; *Foster* v. *Coleman*, 10 Cal. 280 ; *Washington County* v. *Parlier*, 5 Gilm. 232 ; *County of San Joaquin* v. *Jones*, 18 Cal. 329. The *Klein Case*, cited *supra*, is conclusive on this point. It was there said that " an illegal or excessive allowance, or warrant issued upon such allowance, being void, may be questioned anywhere, by anybody, and in any proceeding."

The treasurer's commissions in this case were fixed at three per centum on disbursements. Code 1857, p. 133. The board had no power to allow either more or less. Their authority was not only limited by this statute, but it was a criminal offence for them to allow, or the treasurer to demand, more. Code 1871, §§ 1379, 1382 ; Laws 1870, p. 83 ; Code 1857, p. 590. Even, therefore, if the board had acted judicially, the orders upon which the appellant relies would have been void. But the board did not act judicially in this case. In examining and allowing the reports of county treasurers, the board acts only as the fiscal agent of the county. Its acts in such cases are purely ministerial. *Washington County* v. *Parlier, ubi supra.*

The principle of voluntary payment has no application here. The prime essential of a voluntary act is, of necessity, the authority to do the act said to be voluntary. The board had no authority to make the payment here, and the appellant was

bound to know that, as public agents, its members had no such authority. Story on Agency, § 307 a, and note; 1 Addison on Contracts, § 86, note 1. If a private agent pays money to one who knows he has no authority to pay it, the principal may recover it back. *Amidon* v. *Wheeler*, 3 Hill, 137; 1 Story on Contracts, § 270. A *fortiori* may it be recovered where the agent is a public one, and his authority a part of the law of the land.

There was no error in not extending the demurrer of the appellee back to the declaration. Even if it was necessary for the board to order suit, such order need not have been set forth in the declaration. It was matter of proof only when the issue was properly raised by plea or motion. *Lewenthal* v. *State*, 51 Miss. 645. The appellant raised no such issue, but took issue on the merits of the case. The demurrer cannot now be extended back, except for a defect which is "radical, going to the right of recovery." *State* v. *Bowen*, 45 Miss. 349. But in reality no authority of the board was necessary. The treasurer might sue without an order. Code, § 262.

The motion for a new trial was properly overruled. The orders of the board being void, the appellant should be held amenable for his gross frauds in office, as shown by his reports. We ask an affirmance of the judgment.

CAMPBELL, J., delivered the opinion of the court.

This is an action of covenant on the bond of A. R. Howe, as county treasurer of Panola County, to recover money illegally retained by him, and not delivered by him to his successor, at the expiration of his office. The defendants below pleaded performance of the condition of the bond sued on, and the Statute of Limitations of three years. The latter plea was properly held bad on demurrer, and trial was had upon the issue joined on the plea of performance, and resulted in a verdict and judgment for the plaintiff below. On trial, the plaintiff, after reading in evidence the bond sued on, offered as evidence the different reports made by Howe as county treasurer to the board of supervisors during his term of office, and the orders of the board on those reports, from which evidence it appeared that Howe had retained, as commissions on moneys in

his hands as county treasurer, a large sum of money, in excess of the compensation allowed him by law. This evidence was objected to by the defendants, but permitted to go to the jury. There was no just objection to this evidence, and it was properly admitted.

The defendants offered in evidence a report of Cooper and Hall, county attorneys to the board of supervisors, on the subject of the treasurer's commissions, and an order of the board of supervisors on it; and, on objection, this was properly excluded. The defendant, Howe, testified that, at the time the commissions were allowed him by the board of supervisors, the matter was fully discussed and understood by the board.

The principal questions in the case are, whether the fact that the board of supervisors had approved the reports of Howe, as county treasurer, which distinctly show on their face the claim to excessive and illegal commissions, and thereby allowed to him this money, is a conclusive adjudication which protects him against the allegation of a breach of his bond; and whether, being a voluntary payment by the board of supervisors, the money so paid can be recovered back. There is no difficulty in answering the first question in the negative, and the other in the affirmative.

Howe's duty as county treasurer, to secure the performance of which his bond was required, was, among other things, to deliver to his successor all money belonging to the county, at the expiration of his office. If he did not do this, the condition of his bond was broken. All money received by him as county treasurer, and not disbursed, agreeably to law, belonged to the county. Whether he had in his hands any money belonging to the county was a question to be determined by the facts as to his receipts and disbursements and the law applicable to such facts. The law required the county treasurer, at stated times, and at other times, as required by the board of supervisors, to make to such board a detailed report of all moneys received by him, and of the disbursement thereof, &c., and to bring all moneys belonging to the county treasury to the board of supervisors, to be counted by said board, and to exhibit, with his reports of receipts and disbursements, " the vouchers for the disbursements charged

therein ; and the board of supervisors shall carefully examine the same (*i.e.* the vouchers), and when the report shall have been approved, and such approval entered on the minutes, all warrants paid by the treasurer shall be stamped or otherwise marked cancelled, and shall be filed and preserved by the clerk." The object of this is plain. The board is set as a watch upon the treasurer. The board is constituted the auditing office for the examination and approval of the reports of the county treasurer, with a view to secure the due performance of his duties in office, to receive and keep the moneys of the county, and to disburse the same agreeably to law ; but it is nowhere declared that the approval by the board of supervisors of a manifestly illegal disbursement and misappropriation of the money of the county shall protect the treasurer from the just consequences of his illegal conduct. Nor does such effect pertain to an entry of such approval by the board of supervisors on the minutes from the nature of the functions of the board in receiving the report and examining the vouchers for the disbursements charged therein. The board of supervisors is the official agent of the county to scrutinize the reports of the county treasurer, to discover if his statement of receipts is correct, and if his charges for disbursements are all supported by proper vouchers, and to count the money on hand to see if it is the true amount. All this is not to enable the board of supervisors to fix liability on the treasurer, by deciding any question against him as a court, or to discharge him by any judgment in his favor, but to guard the interests of the county, by causing proper legal proceedings against him for any breach of official duty. If the board should reject any voucher for any disbursement charged in the report of the county treasurer, he would not be concluded thereby in an action on his bond. No judgment could be rendered against the treasurer by the board. No judgment can be rendered in his favor, except an approval of his report ; and that is no more than a declaration that the board is satisfied that the report shows all moneys received by the treasurer, and that his disbursements are sustained by proper vouchers ; and the only effect of this is to cause the warrants paid by the treasurer to be cancelled, and the report to be recorded. The scheme is

to have the board of supervisors to supervise the treasurer's office, to insure faithful performance of duty by him, and to proceed against him, if necessary, according to law, to secure this result. The duties of the board are *ministerial*, and not *judicial*, in this respect. The board had no power to decide what commissions the county treasurer should have. The law fixed that at a certain rate per centum on receipts and disbursements. It was mere matter of calculation. That the board considered and decided that Howe was entitled to greater commissions than allowed by law, did not sanctify his wrong in claiming it, did not change the law, and did not make the money in his hands belonging to the county his money. The board of supervisors not having the power to transfer the money of the county in the hands of its treasurer to him, it follows that all of his receipts, not disbursed agreeably to law, remained the money of the county, and his failure, at the termination of his office, to pay it over to his successor was a failure of his duty, and a breach of his official bond.

A board of supervisors has no right to appropriate the money of the county to any object not authorized by law. Such appropriation is void. It confers no rights, and affords no protection to the person receiving it. It matters not whether its action in such matter be regarded as judicial, legislative, or ministerial. Excess of authority in either capacity is simply void. The boards of supervisors are invested with " full jurisdiction over roads, ferries, and bridges', . . . and shall perform such other duties as shall be provided by law." Constitution, art. 6, § 20. They can do valid acts, only as empowered by law. Armed with the power and. charged with the duty to audit and allow on due proof, in term time, all demands and accounts against the county, their judgments, within the limits of the law, have been treated as final and conclusive, as an evidence of the propriety of the allowance. But any appropriation of the money of the county to objects not authorized by law, any disregard of the law fixing the compensation of public officers, whereby a board of supervisors should audit and allow more than the law allows, and any pretended judgment by the board of supervisors, approving palpable illegality and fraud

on the face of official reports, whereby extortion and misappropriation of the money of the county is sanctioned by such board, are of no avail to the party thus participating with the board of supervisors in defrauding the county.

There is but little support for the idea that examining and approving reports of a county treasurer is final and conclusive as the judgment of the board as a court, deciding on due proof of an account or demand presented as a claim against the county. The board had nothing to hear and decide as to the compensation of the county treasurer. That was fixed by law, and was a limitation as well upon the right of the treasurer to receive, as upon the power of the board of supervisors to sanction it. Boards of supervisors are constituted for the protection of the county, and not to swindle it. What they do in accordance with law is valid, and all beyond is void. They have no right to give away the money of the counties, or to appropriate it to any object not authorized by law, or to consent that an officer or other person shall have of the money of the county further than the law allows him. This results necessarily from the nature of the functions of the board of supervisors, and was expressly declared by § 11 of "An Act in relation to boards of supervisors," approved June 3, 1870, the day when Howe gave the bond as county treasurer of Panola County sued on in this action. It follows from these views that Howe did not pay to his successor, at the expiration of his term of office, all the money in his hands as county treasurer; that the illegal action of himself, and the board of supervisors in approving his reports, did not exempt him from the obligation to deliver to his successor this money, and that the principle of voluntary payments being irrecoverable has no application to hinder a recovery of what was illegally withheld by Howe.

There is no force in the suggestion that the plaintiff's demurrer to the plea of the Statute of Limitations should have been extended to the declaration, because it does not contain an averment that the action was ordered or authorized by the board of supervisors. Code, § 262.

We find no error in the record, and the judgment is affirmed.