Palo Alto County v. Burlingame et al.

---

## PALO ALTO COUNTY v. BURLINGAME ET AL.

1. **Clerk of Courts: SALARY AND FEES OF.** An officer is entitled to charge and receive only such fees as the statute provides as compensation for the services he may perform. Accordingly, the fees of the clerk of the courts are defined and limited by § 3781 of the Code, and reporter's and jury fees and marriage license fees, collected by him, not being included in said section, are no part of his compensation; neither is he entitled to extra compensation for a necessary rearrangement of the papers and records of his office, nor for issuing jurors' certificates to the auditor for the fees of jurors.

2. **County: SETTLEMENT WITH CLERK: ESTOPPEL.** The fact that the board of supervisors, in making settlement with the clerk, failed to compel the latter to account for certain fees collected by him and belonging to the county, did not estop the county from afterwards demanding and recovering such fees.

3. ————: ACTS OF SUPERVISORS NOT IN SESSION. A county is not bound by statements made by its supervisors when not in session.

*Appeal from Kossuth District Court.*

THURSDAY, MARCH 10.

THE defendant Burlingame was elected and duly qualified as clerk of the district and circuit courts, and this action was brought on his official bond, to recover certain moneys received by him by virtue of his office, which he failed to pay over to the plaintiff. Trial by jury. Judgment for the plaintiff, and the defendants appeal.

*Harrison & Jenswold*, for appellant.

*Soper, Crawford & Carr*, for appellee.

SEEVERS, J.—I.   There is no dispute as to the facts, and, under the direction of the court, the jury found for the

1. CLERK of courts: salary and fees of.

plaintiff.   In January, 1884, the board of supervisors fixed the salary of the clerk at $250, and fees of his office.   During that year there came into the clerk's hands certain jury, reporter's, and marriage license fees, contemplated in sections 3777, 3787, and 3812 of the Code, and the court held that the jury and reporter's fees belonged to the county.   It is conceded that the clerk is entitled to the fees allowed him by statute, in addition to such salary as may be fixed by the board, and also that he is entitled to such fees, although the board may not allow him any addition thereto as salary or extra compensation.   But counsel for the appellee contend that such fees are defined and fixed by section 3781 of the Code, which provides that " the clerk of the district or circuit court shall be entitled to charge and receive the following fees."   Then follows an enumeration of the fees to which the clerk is so entitled. And this, we think, is the proper construction of the several sections of the Code in relation thereto.   The clerk is not entitled to the fees provided in sections 3787 and 3812, simply for the reason that the statute does not so provide.   An officer is entitled to charge and receive only such fees as the statute provides he is entitled to as compensation for services he may perform.   Counsel for the appellant, as we understand, do not claim the rule to be otherwise.   Their contention is that the board contracted that the clerk might retain the fees in question as additional compensation.   That the salary was such is conceded, but it is denied that the jury and reporter's fees are fees appertaining or belonging to the clerk's office; and we think this is so.   All the clerk has to do with such fees is to receive them when paid by the party liable therefor.   He renders no other service, nor does he earn such fees.   The service is performed, and the statutory compensation is earned, by others; and such fees do not " belong" to his office any more than do the fees of witnesses

or district attorney, which are taxed as a part of the costs, and paid to the clerk. The court held that the marriage license fees did belong to the clerk's office, on the ground, we may suppose, that he performed the service, and therefore earned the fees.

II. In January, 1883, the board fixed the salary of the clerk "at $250, [for that year,] to be paid at the close of each month," and the court held that the clerk

THE SAME. was not thereunder entitled to the marriage license fees received by him during such period. Unless the board otherwise directs and allows, the clerk is only entitled to the fees and compensation provided in section 3781 of the Code. The marriage license fees are simply paid to the clerk, and he is directed to pay the same "into the county treasury." Code, § 3787. This clearly shows that he is not entitled to them as a matter of right.

III. The defendant pleaded that, when the clerk entered upon the duties of his office, the records thereof, without his fault, were "so defective, incomplete, inconsist-

THE SAME. ent, misleading and disarranged, that it was absolutely necessary to the proper discharge of the duties of said office, and for the public benefit, to complete, correct and rearrange them," and that he did so. For such services he sought to recover compensation from the plaintiff. The court held that he was not entitled thereto; and this ruling is correct, for the reason that the statute does not fix or prescribe any compensation for such services.

IV. The defendants also pleaded that the clerk issued a large number of jurors' certificates, directed to the auditor,

THE SAME. showing the amount of fees each of the jurors was entitled to for his services. Such certificate was made under section 3811 of the Code, but no fee is provided therefor, and therefore the clerk is not entitled to any compensation for such service.

V. In 1883, and prior thereto, settlements were made by

the board with the clerk, and at such settlements, as we understand, the clerk did not account for the jury and reporter's fees received by him prior thereto, and the board acquiesced therein, or failed to exact the same of the clerk. This is immaterial, and does not constitute a defense to this action. If the board failed at one time to insist on the legal rights of the county, this cannot have the effect of creating an estoppel.

**2. COUNTY: settlement with clerk: estoppel.**

VI. The defendants claim that, at the January meeting of the board in 1883, there were negotiations between the clerk and the board in relation to his salary, and that the individual members of the board agreed and informed the clerk that his salary and compensation had been fixed materially different from what in fact was done, as shown by the recorded action of the board. We do not understand that the members of the board, when in session, took any action, or proposed to take any, different from what they did, and caused to be entered of record. All that is claimed is that the members, when not in session, expressed views which the clerk understood to be different from the recorded action. This is not binding on the county. *Rice v. Plymouth Co.*, 43 Iowa, 136.

**3. ——: acts of supervisors not in session.**

The judgment of the district court is          AFFIRMED.