## The Township of Boardman v. James M. Flagg.

*Township treasurer—Settlement with town board—Action to recover excess of taxes collected.*

1. Where a township treasurer settled with the township board for a certain year, and paid over the balance found due to his successor, and it was afterwards claimed by the township that in

such settlement the treasurer had only been charged with the amount of taxes to be raised as stated in the supervisor's warrant, in assessing which an *excess* had been levied, and collected by the treasurer, which he denied, and suit was brought by the township to recover such excess, the issue was for the jury, which, if found in favor of the township, entitled it to a verdict for such excess, and interest thereon from the date of such settlement.

2. Moneys in the hands of a township treasurer are public funds, and the township is not estopped, by a settlement made with him by the township board, from recovering any balance remaining in his hands and not accounted for on such settlement.[1]

Error to Kalkaska.    (Fallass, J.)    Argued May 10, 1888. Decided May 18, 1888.

Debt on town treasurer's bond.    Plaintiff brings error. Reversed.    The facts are stated in the opinion.

*Pratt, Hatch & Davis,* for appellant.

*Perkins & Ellis* and *W. D. Totten,* for defendant.

LONG, J.    This action was brought in the circuit court for the county of Kalkaska, by the township of Boardman, to recover against the defendant, who was the former treasurer of said township, the sum of $157.92, which amount it is claimed the defendant collected in the year 1883 as taxes under the roll for that year, and failed to account for or pay over to his successor in office.    The cause was tried before a jury, and the defendant prevailed.    The plaintiff brings the case into this Court by writ of error.

It appeared upon the trial that in December, 1883, the tax roll of the township was made by the supervisor, and the usual form of warrant indorsed thereon, which directed the treasurer to collect and pay over the amount of the different taxes assessed on said roll, which were levied for State, county, township, highway, and school taxes.    The township

---

[1] See *Monroe v. Whipple,* 62 Mich. 560.

clerk charged the treasurer these several amounts of taxes on his books as taken from the warrant, and reported to him by the supervisor for that year. The township treasurer also charged himself upon his own books with these several amounts of taxes as appeared in said warrant.

The treasurer proceeded to the collection, and in January, 1884, returned his roll to the county treasurer, made settlement with him, received credit for delinquent taxes, and paid over, on proper vouchers presented to him, certain of the moneys in his hands.

On April 1, 3, and 4 the defendant appeared before the township board, and presented his account for final settlement. The board took the books of the township clerk as a guide, and found the defendant there charged (which agreed with the amount found on defendant's books) with the following sums:

| | |
|---|---:|
| Delinquent taxes from county treasurer | $64 57 |
| Township tax, from tax roll | 400 00 |
| Special highway tax, from tax roll | 250 00 |
| General highway tax, from tax roll | 1,046 36 |
| School tax, from tax roll | 2,353 54 |
| State tax, from tax roll | 376 05 |
| County tax, from tax roll | 1,009 52 |
| Dog tax | 18 00 |
| Money from James Isbell | 231 00 |
| Money from Stillman J. Grandy | 100 00 |
| Total | $5,759 04 |

The defendant presented vouchers and other credits to the amount of $4,833.26, which was allowed by the township board, leaving in his hands, as appeared by the accounts kept, the sum of $925.78, and the township board made and delivered to the defendant a statement as follows:

"BOARDMAN TOWNSHIP,
Township Clerk's Office, April 3, 1884.

"I hereby certify that the amount of money charged to James M. Flagg at this day is $5,759.04; amount of vouchers credited is $4,833.26;

balance in his (James M. Flagg's) hands at this date, per clerk's books, is $925.78.

"J. D. DAGLE, Supervisor.

"HENRY HARPER, Justice of the Peace.

"CHARLES H. BROWN, Township Clerk.

"Township Board.

Indorsed on the back of this paper appears the following:

"Receipt from the township board of all moneys that came into my hands.

"Filed April 4, 1884.　　　　　　J. M. FLAGG."

This $925.78 the defendant subsequently paid over to his successor in office, and took his receipt therefor.

It also appears that there came into the hands of the defendant, and which was not accounted for in the settlement with the township board, the sum of $62 poll taxes collected by him, and this amount the defendant subsequently paid over to his successor. The foregoing facts are substantially undisputed.

It is now claimed by plaintiff, and testimony was given on the trial tending to prove the facts, that the defendant was not charged upon the township clerk's books, nor did he charge himself upon his own books, with the full amount of the taxes appearing upon the roll going into his hands, and which plaintiff claims the defendant collected; that the error arose from the fact that the aggregate amount stated in the supervisor's warrant was made up from the various amounts of taxes to be raised for State, county, township, and other purposes, while there was an excess on the whole roll over those amounts to the sum of $157.92; and it is this amount which this suit is brought to recover.

It is claimed by the defendant that no such excess appears, and that he made a full and fair settlement with the township board on April 3, 1884, and that the board then received his vouchers, and fixed the amount still remaining in his hands, which he subsequently paid over to his successor in

office, and that the township is bound by such settlement. Defendant also makes the claim that he turned his roll over to the county treasurer upon his settlement with him, and that no sufficient proof was offered by the plaintiff that he received the amount stated in the roll from which the jury would be warranted in finding a verdict for such excess.

The county treasurer was called as a witness, and produced the tax roll of said township for the year 1883, from which it appears that the total footings amount to $5,673.39; and if to this amount is added the amount of money not in dispute, received by defendant from J. D. Dagle to the James Isbell account, of $231, it would show an amount coming into the hands of defendant of $5,904.39; and the difference between this amount and that charged upon the clerk's books and upon his own, of $5,759.04, would be $145.35.

It also appears from the roll that the amount of money collected by the defendant upon such roll was_____ $5,103.23
The amount of rejected taxes was_____ 283.40
Delinquent taxes returned was_____ 284.90
                                                 ----------
    Total_____ $5,671.53

This agrees with the total footing of the roll made by the county treasurer, within $1.86. The defendant contends, however, that many of the items of taxes marked paid upon the roll are not in his handwriting, and that such a length of time has elapsed since the roll left his hands he is unable to tell whether he collected or received these amounts or not.

Defendant was called as a witness in his own behalf, and upon cross-examination by plaintiff's attorney testified:

" Q. Then the balance on your own books, as shown by your own figures, was just the amount the board found you in debt to the township at that settlement?

" A. Yes, sir.

" Q. Then all they took into account in that settlement was just the figures you have there?

" A. No, sir; they looked them all over.

" *Q.* Where, in that account, did they charge you up with the excess taxes you had received on the list?

" *A.* They did not charge me with it.

" *Q.* But, so far as the amounts here assessed on this assessment roll on the last column, you collected them in full?

" *A.* Yes, sir; I expect I did,—those that are marked, ' Paid,' in my hand.

" *Q.* You made a return to the county treasurer of delinquent taxes?

" *A.* Yes, sir.

" *Q.* You made it under oath?

" *A.* I suppose I did."

Witness was then shown the affidavit made of his return of delinquent taxes, and said it has not been changed or altered since made. He further testified that, if there was any personal tax uncollected, he made return of it to the township board, and that he was credited with the $283.41 of rejected taxes, but claimed an error of $10 in the footing. Witness was then asked, on further cross-examination:

" *Q.* Have you ever paid the amount that this roll shows you should have collected?

" *A.* I have never added this roll up, and I cannot find it in the statute that I should."

The defendant admitted that some of the taxes marked, " Paid," on the roll, were collected by him, although the word " Paid " was not in his handwriting.

It does not appear from the record that there was much controversy but that there was an excess in the roll, as claimed by plaintiff; and from the testimony of the county treasurer, and of the defendant himself, we do not see how it can be claimed that the defendant did not collect this excess. If the affidavit is true which defendant made and annexed to his return, it shows conclusively that he collected the taxes appearing on the roll, except such as were rejected by the county treasurer, and those returned as delinquent; and for each of these he had credit. For those rejected he

was credited by the township board, and for those delinquent he had credit by the county treasurer. If the footing of the roll made by the county treasurer is correct, then there was clearly an excess. These were matters to be submitted to the jury under proper instructions; and if the jury found these facts, and from them that there was an excess for which the defendant had not accounted in his settlement with the township board, then the plaintiff would be entitled to recover whatever that amount was found to be, with interest from the date of the settlement.

At the close of the testimony, the court, among other matters, charged the jury:

"But if in looking over, taking the accounts altogether, discussing this matter,—if they took these matters altogether,—and struck or found the balance of $925.78, why, that is the end of it; they are bound by it."

This was error. The moneys in the hands of the treasurer were public funds. They were not funds belonging to the township board, and the township could not be estopped, by any settlement made by the board, from recovering any balance found in his hands.

There may be cases where a municipal corporation would be estopped by the action of its officers and agents, but this is not such a case; and the only inquiry is, has the defendant moneys in his hands belonging to the township? If, as a matter of fact, he has, then the township clearly has the right to recover them in this action.

The judgment of the court below must be reversed, with costs, and a new trial ordered.

The other Justices concurred.