# OCTOBER TERM, 1888.*

THE TOWNSHIP OF OTSEGO LAKE V. ADELBERT KIRSTEN
ET AL.

*Townships—Bond of treasurer—Authority of board to release sureties —Evidence—Bias of juror—Challenge.[1]*

1. In a suit upon a township treasurer's bond, his books are competent evidence to show his indebtedness to the township.
2. A supervisor who took part in a settlement with a township treasurer, and examined his books and vouchers, may testify to the amount found due the township.
3. Where on a settlement with a township treasurer the amount due the township, and for which he fails to account, is undisputed, and no well-grounded apprehension exists as to the legal liability of the bondsmen for the debt, the township board has no legal authority to release the principal or his sureties from his or their legal obligation to pay the amount to the township.
4. A juryman may be asked which side he would be inclined to favor if, at the close of the testimony, it was equally balanced as between the parties, to ascertain his bias, if any exists, to aid counsel in determining as to the exercise of his right to a peremptory challenge. *Monaghan v. Ins. Co.,* 53 Mich. 238.

72    1
97    19

72      1
139   4683

Error to Otsego. (Kelley, J.) Argued June 22, 1888. Decided October 19, 1888.

*Assumpsit* on town treasurer's bond. Defendants bring error. Affirmed. The facts are stated in the opinion.

*Main J. Connine (A. A. Crane,* of counsel), for appellants, contended:

---

* Continued from Vol. 71.
[1] For full digest of points decided, see *Table of Cases Reported.*

1. Townships may sue and be sued, and have the right to settle suits and to compromise claims for or against themselves in order. to avoid costs and expenses; citing *Supervisors v. Bowen*, 4 Lans. 24; *Meech v. Buffalo*, 29 N. Y. 198; *Petersburg v. Mappin*, 14 Ill. 193; *Supervisors v. Birdsall*, 4 Wend. 460; *Stewart v. Ahrenfeldt*, 4 Denio, 139; 1 Dill. Mun. Corp. §§ 477, 478; and this gives the township board power to accept notes, as in the case at bar; citing *County of Sac v. Hobbs*, 72 Iowa, 69 (33 N. W. Rep. 369); and the acceptance of such negotiable paper is *prima facie* a satisfaction of the debt: *Kearslake v. Morgan*, 5 Term R. 513.

2. A municipal corporation, in protecting its property and collecting its debts, when not expressly prohibited, or when not otherwise provided by statute, may avail itself of all the rights and remedies afforded to an individual; citing *Buffalo v. Bettinger*, 76 N. Y. 393; *Bank v. Bank*, 92 U. S. 122; *Augusta v. Leadbetter*, 16 Me. 45; *Russel v. Cook*, 3 Hill. 504.

3. Doubtful or disputed claims may always be compromised by a municipality, and the claim of the township was doubtful, from the fact that at nearly every meeting the township board found a different amount due, and because from the pecuniary condition of the defendants it was doubtful whether a judgment could be enforced against them.

4. The compromise of disputed claims furnishes a sufficient consideration for the mutual promises of the parties, and, where fairly made, such a compromise is binding, whether it be of a doubtful question of law or fact; citing *Grandin v. Grandin*, 49 N. J. Law, 508 (9 Atl. Rep. 759), and cases cited; *Baumier v. Antiau*, 65 Mich. 31; *Korne v. Korne*, 30 West Va. 1 (3 S. E. Rep. 21), and cases cited.

*A. D. Marshall* and *T. A. E. & J. C. Weadock*, for plaintiff, contended for the rule stated in the opinion as to right to compromise the claim.

CHAMPLIN, J.    Adelbert Kirsten was township treasurer of the town of Otsego Lake.    To qualify himself to act he gave to the township a bond, as required by law, with Hyman Joseph and De Witt Wilson as sureties.

At the close of his official term the township board examined and audited his accounts as such treasurer, and found that he was indebted to the township in the sum

of $1,037.71.   The township board immediately notified the sureties of this fact, and that the township would hold them responsible on the treasurer's bond.

The board commenced their examination on April 15, 1887, and concluded it on the 18th.   On the 16th Kirsten secured his sureties by a bill of sale on his stock of goods.   The money found due the township not having been paid, this action was brought upon the township treasurer's bond.

The surety Hyman Joseph, and the principal, Adelbert Kirsten, defend on the ground that, after the amount of the defalcation was ascertained, the township board settled with the sureties, and took their several and respective promissory notes in full of all claims against them.   These defendants appeared by separate attorneys, and pleaded separately.

On the trial of the cause the plaintiff introduced the books of the township treasurer, from which it appeared that he was indebted to the town in the sum stated. There does not appear to have been any conflict in the testimony respecting this fact, and it may be regarded as undisputed.   It was proved by the record and by the testimony of the witnesses who examined the accounts.

This testimony was competent, and there was no error in overruling the objections of defendant's counsel to the introduction of the township treasurer's books in evidence, nor in permitting the supervisor, who was a member of the township board, and who took part in the examination of the books and vouchers, to answer the question,—

" What sum was found to be due from Kirsten to the township? "

The township board and Kirsten met for the purpose of looking over his accounts, and to ascertain how much, if any, was due to the township, and there was no valid objection to his stating what sum they found to be due.

After the plaintiff rested its case, the counsel for defendants, to maintain the issue on their part, offered in evidence the record of the proceedings of the plaintiff township board, as recorded on pages 102 and 103 of their record, being the proceedings of a meeting of that board held on April 20, 1887, for the purpose of showing that on that day the said township board settled all claims of the township against defendant Adelbert Kirsten, as its treasurer, and against defendants Hyman Joseph and De Witt Wilson, as sureties on his official bond, both arising on said bond, and otherwise, and then and there accepted the promissory notes of said Joseph and said Wilson, due in one year thereafter, whereby all action on said bond became suspended until such notes were due, and whereby all remedy upon said bond became superseded; and for the purpose of showing that said township has no right of action against said Joseph and Wilson, arising out of said suretyship, until said notes became due; to which offer counsel for plaintiff objected as incompetent, irrele. vant, and immaterial, which objection was by the court sustained, for the reason that the township board had no power to make such a settlement as the one set forth in the minutes of the meeting; to which ruling counsel for defendants then and there excepted; the record of which proceedings so offered in evidence and so excluded upon objection is in the words and figures following:

"APRIL 20, 1887.

"At a meeting of the township board, duly convened and held.

"Present, Charles W. Bahel, supervisor; A. R. Vander-woort, justice of the peace; A. Assal, township clerk. Absent, Frank Buell, justice of the peace.

"Board called to order by C. W. Bahel in the chair.

"The business of the meeting was stated to be the adjustment of the matter caused by the default of A. Kirsten, the outgoing treasurer, to account for the bal-

ance of $2,485.98 found to be due the township on settlement with said treasurer.

"In adjustment of said matter it was moved and supported that we accept the notes of the bondsmen of said treasurer for the sum of $368.50 each, payable in one year from date, together with the agreement to the effect that, if there is no error discovered in the collection of the taxes of 1886 made by said treasurer, the said treasurer will be released from the payment of the sum of $300, making the amount of the shortage of $1,037.71. Motion carried.

"Moved and supported that the supervisor take charge of the notes given by the bondsmen of A. Kirsten. Carried.

"Moved and supported that we adjourn *sine die.*

"C. W. BAHEL, Supervisor.
"A. ASSAL, Township Clerk."

The insufficiency of the defense under which this proof was offered is that it nowhere appears that the claim of the township for the balance of $1,037.71 against Kirsten, was either disputed or doubtful. Kirsten had received this amount of money, which he had not accounted for or paid over as required by law, and the township board had no legal authority to release either Kirsten or his sureties on his bond from his and their legal obligation to pay the amount to the township. The action of the board was, in effect, making a gratuity to Kirsten of over $300 of the township's money, without necessity, right, or authority. Tax-payers might justly complain of such action as an illegal perversion of the township's money. Had it been a disputed claim, or if there had existed any well-grounded apprehension as to the legal liability of the bondsmen for the debt, it might have afforded grounds for a compromise.

No reason appears for the extraordinary action of the board taken on April 20, but the record shows that on April 22 a full board was duly convened, and by a unanimous vote it was resolved that counsel be employed, and

suit brought upon the bond, thus ignoring, as well they might, the action taken on the 20th.

This is a much stronger case than that of *Township of Boardman v. Flagg*, 70 Mich. 372 (38 N. W. Rep. 284), where a settlement had been made, and a ·balance struck, which the township treasurer paid over to his successor. Afterwards it was ascertained that he had collected moneys belonging to the township, which did not appear upon his books from which the settlement was made, and was not included in the settlement, and it was held that the township clearly had the right to recover the money still remaining in the treasurer's hands, and that the township was not estopped by the settlement made by the township board.

Error is also assigned upon a question, which was permitted to be put to a juryman when being selected to try the cause, by the plaintiff's attorney, as follows:

"Suppose, at the close of the testimony, it was equally balanced as between the plaintiff and defendants, which side would you be inclined to favor?"

The juryman answered:

"Well, I think I should favor the sureties. I won't be certain. I think so."

The counsel afterwards challenged this juror peremptorily, and he was excused.

The point was decided in *Monaghan v. Ins. Co.*, 53 Mich. 238, 246 (18 N. W. Rep. 797).[1]

The judgment of the circuit court must be affirmed.

The other Justices concurred.

---

[1] Such interrogation was held proper.