HOBBS & TUCKER *v.* DOUGHERTY COUNTY.

1. Upon the refusal of a banker to pay over money which had been " collected for any county purpose whatever " and deposited with him by the county treasurer or tax-collector, the ordinary or other proper county authorities may, under the provisions of sections 523, 524 and 526 of the code, issue execution against the banker for the purpose of collecting from him the amount thus placed in his hands.

2. The above cited sections, in view of the remedy provided by section 525, which allows the defendant in execution to file an affidavit of illegality and have the same passed upon by a jury, are not unconstitutional.

June 12, 1896. By two Justices. Argued at the last term.

Affidavits of illegality.    Before Judge Bower.    Dougherty superior court.    April term, 1895.

*Wooten & Wooten, W. T. Jones* and *J. W. Walters,* for plaintiffs in error.    *D. H. Pope,* contra.

SIMMONS, Chief Justice.

The county commissioners of Dougherty county issued a rule against Hobbs & Tucker, bankers, calling upon them to pay over to the county certain money which had been collected for county purposes and which had been deposited with them by the treasurer and tax-collector of the county. Hobbs & Tucker failed to appear at the time they were called upon to appear; and the county commissioners issued an execution against them for the amount claimed to be due the county.    They filed an affidavit of illegality to the execution, setting up therein that the commissioners had no power to issue an execution against them, because they were not officers of the county; and that the statute under which the execution was issued was unconstitutional, because no provision was made therein for a trial by jury before the issuance of the execution.    The grounds of illegality were stricken on demurrer, and a verdict was rendered for the plaintiff and against the illegality.    The de-

fendants made a motion for a new trial, which was over-ruled, and they excepted.

1. Section 523 of the code provides that the ordinaries shall have authority "to compel all persons, their heirs, executors or administrators, who have or may have in their hands any county money collected for any county purpose whatever, to pay over the same." Section 524 provides that "on failure to pay the same, such ordinaries shall issue executions against such persons and their securities, if any, for the full amount appearing to be due, as the comptroller-general issues executions against defaulting tax-collectors." Section 525 provides that "if such execution shall issue for too much, or if defendant denies on oath owing any part thereof, he may, by filing an affidavit of illegality, according to the rules governing other illegalities, cause an issue to be formed thereon, which shall be tried by a special jury at the first term of the superior court thereafter." Section 526 declares that "the provisions of the foregoing four sections are applicable to all persons and their sureties who may borrow, or pretendedly borrow, any county money from any person having custody thereof, and shall be, in all respects, held as holders of county funds." The powers thus conferred upon the ordinaries were by subsequent legislation vested in the county commissioners of Dougherty county. Under these sections the commissioners could issue execution against any person holding county funds. It is not necessary that the person holding such funds shall be an officer of the county. If Hobbs & Tucker, as bankers, received this money on deposit from the treasurer and tax-collector of the county, they became holders of county funds, whether the deposit was special or general; and they stood upon the same footing as these officers upon refusal to pay the funds to the county when demanded of them.

2. It was not essential to the constitutionality of the sections of the code above referred to, that provision should

be made for a trial by jury before the issuance of the execution.    It is sufficient if provision is made for a jury trial at some stage of the proceeding, and the defendant allowed to make all his defenses before the liability becomes fixed and final.    Under section 525, he can make any defense which could be made in an ordinary suit.    He is therefore fully protected in his constitutional rights.

The court did not err in sustaining the demurrer and in overruling the motion for a new trial.

*Judgment affirmed.*