## Read, tax-collector, v. Glynn County.

Fish, C. J. 1. The statute creating the board of roads and revenues of Glynn County provides for a clerk thereof (Acts 1870, p. 441; Acts 1898, p. 366): and under the ruling in the case of *Roberts* v. *Dancer*, 144 *Ga.* 341 (3), 343 (87 S. E. 287), such clerk has authority, under an order duly passed by the board, to issue an execution against the tax-collector of the county for money belonging to the county, held by him.

2. Such execution was amendable by inserting therein that it was issued in accordance with an order or judgment previously rendered at a regular sitting of the board. *Winn* v. *Butts*, 127 *Ga.* 385 (56 S. E. 406); *Manley* v. *McKenzie*, 128 *Ga.* 347 (57 S. E. 705).

3. There was no misjoinder of causes of action on the ground that the execution was proceeding for the aggregate amount of three separate sums of money, as claimed by the defendant, because there may have been different sureties on his bond for the different years during which the county claims that the defendant withheld separate sums of money belonging to it.

4. There is no merit in the ground of the demurrer to the execution, that the character of the money alleged to have been received by the defendant is not set forth in the execution—that is, whether it was collected as taxes, licenses or special taxes,—and the dates of the collection, and that the execution is not made returnable to any court having jurisdiction or authority thereof. *Hobbs* v. *Dougherty County*, 98 *Ga.* 574 (25 S. E. 579); *Lamb* v. *Dart*, 108 *Ga.* 602 (34 S. E. 160); *Greer* v. *Turner County*, 138 *Ga.* 558 (75 S. E. 578).

5. The compensation of a tax-collector is fixed by the Civil Code (1910), § 1234, which provides that "On all digests for the first one thousand dollars" he is to be allowed 6 per cent., and on greater amounts he is allowed by this section smaller percentages as commissions. This section does not authorize the collector to treat as a separate digest, distinct from all others, the statement or list furnished to him by the comptroller-general setting forth the names of the public-service corporations and the amounts of taxes due by them to the county on property owned by them in the county. Instead of computing full commissions on the statement or list furnished to him by the comptroller-general, the tax-collector must compute his commissions according to the percentages fixed by section 1234, supra, on the aggregate amount of taxes under the digest furnished to him by the tax-receiver and the statement or list furnished to him by the comptroller-general.

6. Where the board of roads and revenues of Glynn County had annually, for several preceding years, examined and audited the accounts of the tax-collector of that county, and in pursuance of such examination and auditing had come to a settlement with him, in which he was allowed full commissions on his collections of taxes due the county by public-service corporations as shown by the statement or list furnished to the collector by the comptroller-general, such settlements did not estop the county from proceeding to collect from the tax-collector and the

sureties on his bond such excess of commissions, for the reason that the board of commissioners had no authority under the law to allow the collector more commissions than is provided for by statute. Howe *v.* State, 53 Miss. 57; Washington County *v.* Parlier, 10 Ill. (5 Gilman) 232; Cumberland County *v.* Edwards, 76 Ill. 544 (4); Satterfield *v.* People, 104 Ill. 448; Palo Alto County *v.* Burlingame, 71 Iowa, 201 (32 N. W. 259); State *v.* Roberts, 62 Mo. 388; Boardman Township *v.* Flagg, 70 Mich. 372 (38 N. W. 284); Otsego Lake Township *v.* Kirsten, 72 Mich. 1 (40 N. W. 26, 16 Am. St. R. 524); Sexton *v.* Supervisors, 27 Wis. 349; Otis *v.* Supervisors, 62 N. Y. 88, 96.

7. The provisions of the Civil Code (1910), §§ 586, 587, in reference to the finality, except for fraud, of settlements made between the county treasurer or his personal representative and his successor in office, are not applicable to the annual accounting and settlement made by the tax-collector with the county commissioners.

*Judgment affirmed. All the Justices concur, except Gilbert, J., not presiding.*

SEPTEMBER 23, 1916.

Affidavit of illegality of execution. Before Judge Highsmith. Glynn superior court. September 14, 1915.

*Bolling Whitfield* and *Little, Powell, Smith & Goldstein,* for plaintiff in error. *R. D. Meader,* contra.