SHEBOYGAN COUNTY, Appellant, vs. ZIMMERMANN and another, Respondents.

*November 4—December 3, 1935.*

*Jacob A. Fessler,* district attorney of Sheboygan county and *George R. Currie* of Sheboygan, special counsel, for the appellant.

*Herman C. Runge* of Sheboygan and *Michael Levin* of Milwaukee, for the respondents.

NELSON, J. The plaintiff contends that the trial court erred in denying its motion for a directed verdict, in denying its motion for judgment notwithstanding the verdict, and in denying its motion for a new trial. In our view, only the denial of the plaintiff's motions to direct a verdict and for judgment notwithstanding the verdict, need be considered.

The sole question to be determined is whether, upon the undisputed evidence, the plaintiff is entitled to judgment against the defendants for the sum of $2,439.59.

The material facts are not in dispute. Commencing in 1917 and continuing down to January 2, 1933, with the exception of one term, the defendant Zimmermann continuously held the office of county treasurer of Sheboygan County. During his last term the defendant, Massachusetts Bonding & Insurance Company was the surety on his official bond. At the commencement of his last term, he had on hand, according to his books, a cash balance amounting to $108,304.40. Thereafter, during his said term, he charged himself with all receipts, except those hereinafter mentioned, and credited himself with all disbursements. At the end of each month a trial balance was taken which showed the amounts received and disbursed during that month, the amounts of moneys on deposit in the county depository banks, and the amount of cash on hand. It is undisputed that all of those trial balances were based upon the entries in his books. According to the December, 1932, trial balance, he had on hand and in the county depository banks, the sum of $122,208.14. At the end of his term a committee of the county board audited his books and found them to be in balance, and that he should account to his successor for the sum shown by his December trial balance. He turned over that amount to his successor. Thereafter his books were audited by the Wisconsin tax commission pursuant to the provisions of sec. 73.03 (14) (a), Stats. That audit was undertaken in the spring of 1933. The accountant in charge of the work circularized all income

taxpayers of the county whose income taxes appeared to be delinquent on the income tax rolls of Sheboygan County as of December 31, 1932. It was discovered that during his last term Zimmermann had collected income taxes amounting to $2,431.83, and had issued regular official receipts of Sheboygan County therefor, but that none of said taxes had been entered upon either the county income tax roll or the income tax blotter (monthly record), or carried into his cash receipt book. Those income tax collections which Zimmermann concededly received were in no manner reflected in his books, and therefore were not taken into consideration in making up the monthly trial balances of receipts and disbursements or of cash on hand and in bank. He therefore never accounted to the county or to his successor in office for such taxes, since clearly he accounted only for the receipts actually entered in his books, and not for any receipts not entered therein. In addition to the $2,431.83 of income taxes not entered on his books and therefore not accounted for, the audit disclosed that he had been credited as treasurer with the sum of $30.80 interest by the Oostburg State Bank, one of the county depositories, which credit was entered in his passbook on March 19, 1932, but which he never entered as a receipt in his books. The audit further revealed a number of slight discrepancies which the plaintiff saw fit to ignore. It also revealed that a small canceled county order check had been erroneously considered by Zimmermann as paid. The amount of that check was accordingly credited to Zimmermann, leaving a net shortage of $2,439.59, the amount claimed. Since the amount of the income taxes collected and the amount of the interest credited never entered into his final trial balance, it is perfectly obvious that he never accounted for such sums. The books as kept by Zimmermann revealed no shortage. Those books, however, did not

reveal the income taxes collected or the interest credited by the bank. His testimony to the effect that his books were correct, that he had accounted for all moneys received, and that he had deposited in the bank all of the checks given him in payment of income taxes, did not give rise to a jury question, in view of the uncontroverted fact that the income taxes and interest were never entered in his books as receipts, and therefore never entered into or in any manner affected the trial balances taken. The trial court should have granted plaintiff's motion for a directed verdict. *Samulski v. Menasha Paper Co.* 147 Wis. 285, 133 N. W. 142; *Johnson v. Ætna Life Ins. Co.* 158 Wis. 56, 147 N. W. 32; *Sheban v. A. M. Castle & Co.* 185 Wis. 282, 201 N. W. 379; *McKnelly v. Brotherhood of American Yeomen,* 160 Wis. 514, 152 N. W. 169; *Liberty Tea Co. v. La Salle Fire Ins. Co.* 206 Wis. 639, 238 N. W. 399.

In disposing of plaintiff's motions after verdict, the court evidently was of the opinion that the books of the county treasurer and the report of the auditor of the tax commission did not agree, and that therefore a jury question existed as to whether the county treasurer's books or the audit was correct. The court stated:

"Both are man made; therefore, both are subject to imperfections, making an issue of fact to be determined by the jury as to which of the two are correct."

The opinion of the trial court was based upon a misconception of the facts. The county treasurer's books and the auditor's report did agree so far as entries of receipts found in the treasurer's books were concerned, but the auditor's report took into consideration the income tax collections and the bank credit which were concededly received by the treasurer, but never entered in his books. The county treasurer's books obviously could evidence only the entries of the re-

ceipts recorded therein. Compare, *Winner v. Bauman,* 28 Wis. 563. Books of account cannot evidence transactions that are not recorded therein.

The defendants attempt to support the judgment on the ground that a committee of the county board audited Zimmermann's books and found them to be correct and in balance. The members of the committee examined only the entries contained in the books, and obviously considered only the receipts and disbursements listed therein. The balance shown by the books corresponded with the cash in bank and the cash on hand, and to that extent the books were correct and in perfect balance. The members of the auditing committee made no investigation as to moneys collected or received by Zimmermann which he did not enter in his books. Clearly, that audit in no way binds the county. As was said in *Cady v. Bailey,* 95 Wis. 370, 70 N. W. 285:

"The law applicable to settlements between private parties does not apply to settlements between a public corporation and its officers, respecting the handling by the latter of public money. Notwithstanding such settlements, if such officers, by a mistake or otherwise, wrongfully retain public money in their hands, they may be proceeded against therefor at any time thereafter, upon discovery of the facts, within the period of the statute of limitations. Throop, Pub. Off. §§ 280–283; *Otsego Lake v. Kristen,* 72 Mich. 1; *Palo Alto Co. v. Burlingame,* 71 Iowa, 201; *Boardman v. Flagg,* 70 Mich. 372; *Sexton v. Richland County,* 27 Wis. 349."

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in favor of the plaintiff for the amount claimed, together with interest.