THE TOWN OF WOODMAN, Respondent, vs. BOHAN, Appellant.

*September 7 — September 26, 1895.*

*Towns: Authority to maintain action for obstruction of highway.*

An action to recover damages for the obstruction of a highway and to restrain further obstruction thereof cannot be maintained by a town unless its institution was directed by the electors as provided in subd. 2, sec. 776, S. & B. Ann. Stats. Such obstruction is not an injury to any property of the town, within the meaning of sec. 819, R. S.

APPEAL from a judgment of the circuit court for Grant county: GEO. CLEMENTSON, Circuit Judge. *Reversed.*

This action was commenced to recover damages for obstructing a highway, and to perpetually enjoin the defendant from further obstructing or interfering with travel on said highway. The answer denied all liability, and also denied that the *locus in quo* was a public highway. At the close of the trial it was found by the jury and the court, in effect, that said highway, since January 3, 1849, was, up to the time of the commencement of this action, a legally established and traveled highway, and used during all that time continuously by the public as a highway, and during all that time the same was and is a public highway in the plaintiff town; that the defendant had repeatedly obstructed the same; that the plaintiff had been put to $15 expense in removing such obstructions; and that the plaintiff is entitled to judgment for $15 damages, and perpetually enjoining the defendant from further obstructing said highway. From the judgment entered accordingly the defendant appeals.

*John D. Wilson,* for the appellant.

*W. G. Palmer* and *O. B. Thomas,* for the respondent, to the point that it was unnecessary that the qualified electors of the town should, at the annual town meeting, direct the institution of this suit, cited *Haner v. Polk,* 6 Wis. 350; *School*

The Town of Woodman vs. Bohan.

*Dist. v. Arnold,* 21 id. 657; *Fox Lake v. Fox Lake,* 62 id.. 486; R. S. secs. 819, 1223; *Jamestown v. C., B. & N. R. Co.* 69 id. 648; *Neshkoro v. Nest,* 85 id. 126; *Oshkosh v. M. & L.. W. R. Co.* 74 id. 534; *Waukesha H. M. S. Co. v. Waukesha,.* 83 id. 475.

CASSODAY, C. J.   The qualified electors of each town have· power, at any annual town meeting, to direct the institution. and defense of all actions in which the town is a party or in-- terested; to employ all necessary agents and attorneys for: the prosecution or defense of the same; and to raise such sums of money for that purpose as they may deem proper. S. & B. Ann. Stats. sec. 776, subd. 2.   Under this statute this court has repeatedly held, in effect, that an action in which the town is a party or interested cannot be main- tained without such authority from the electors, unless the· authority to commence or prosecute the same is given by some other statute.   *State ex rel. Manitowoc v. County Clerk,* 59 Wis. 15; *Fox Lake v. Fox Lake,* 62 Wis. 486; *State ex rel. Baraboo v. Board of Sup'rs of Sauk Co.* 70 Wis. 490.

The statute also provides that the supervisors of each town "shall have charge of all actions in which the town is a party; see that all penalties and forfeitures for the benefit. of the town, and all breaches of official bonds to the damage of the town, and all injuries to the property of the town *are prosecuted for,* and the damages and penalties and for· feitures collected and paid to the treasurer."   R. S. sec. 819. In the *Fox Lake Case,* cited, it was held that by reason of this statute the town board might, without any direction of· the electors, bring an action to recover from a village therein moneys received for licenses.   If the facts found are true,. it may be that the board had authority, under that section,. to prosecute the defendant for the forfeiture incurred by reason of obstructing the highway, under sec. 1326, R. S. But the case at bar does not come within any of the provis--

ions of that section, nor any statute cited by counsel, or which we are able to find. Certainly, the obstruction of a highway is not an injury to any property of the town, within the meaning of that section.

Cases are cited where actions have been maintained by towns without the question here presented having been raised or determined, but they cannot be regarded as authority for maintaining this action. On the contrary, in those actions the court necessarily assumed that the actions were commenced by proper authority. Here the objection was taken by answer, and at the commencement of the trial. Besides, the complaint, in effect, is based upon the authority given by the town board.

*By the Court* — The judgment of the circuit court is reversed, and the cause is remanded with direction to dismiss the complaint.