Town of CADY, Respondent, vs. BAILEY, Appellant.

*February 5 — February 23, 1897.*

*Towns, action by: Pleading: Settlement.*

1. A complaint, in an action by a town against its former treasurer, which alleges that the defendant was appointed treasurer to fill a vacancy and qualified by giving the statutory bond, setting out the conditions of the bond and the facts constituting a breach thereof, and that the action was duly authorized by the town board of supervisors, *held* to be one on his official bond, and not on his personal liability as treasurer, though his sureties are not made parties.

2. Though sec. 776, R. S., gives to electors of towns power to direct the institution of actions for such towns, yet sec. 819, R. S., is mandatory in requiring town supervisors to prosecute all breaches of official bonds, and a vote of the electors is not necessary to authorize such an action.

3. A settlement between a public corporation, such as a town, and its treasurer respecting the public moneys which came to his hands, although made by the supervisors and ratified by the electors, is

not conclusive upon the town, but if such officer, by mistake or otherwise, wrongfully retains public money in his hands, he may be proceeded against therefor at any time on discovery of the facts within the statutory period of limitation.

APPEAL from an order of the circuit court for St. Croix county: E. B. BUNDY, Circuit Judge. *Affirmed.*

It is alleged in the complaint by appropriate allegations that plaintiff, during all the times mentioned therein, was a duly-organized town, under the laws of this state; that on the 31st day of June, 1882, there existed a vacancy in the office of town treasurer of said town, caused by the death of the duly elected and qualified treasurer; that such vacancy was duly filled on that day, in the manner provided by stat-. ute, by the appointment of defendant as treasurer of said town, and his qualification for the office by giving the proper bond, which was duly approved and placed on file; that said bond was executed and sealed, and contained all the conditions provided by statute in such cases, including the condition that defendant should truly account for and pay over all the money, according to law, which should come into his hands as such treasurer; that at the end of his term of office he produced a statement of his receipts and disbursements, showing a balance on hand of $591.60; that in truth and in fact the balance of moneys in his hands belonging to such town was $620.02; that by inadvertence and mistake of the town, caused by the conduct of defendant, his account was adjusted as claimed by him, by reason whereof he retained in his hands the sum of $28.42. By reference to an exhibit referred to in the complaint, and attached thereto and made a part thereof, such complaint shows by items the errors committed by the town treasurer, which resulted in his re-, taining in his hands the said sum of $28.42. The complaint further shows that prior to the commencement of this action, and on the 12th day of November, 1895, the then town treasurer of the town, he having been previously authorized

thereunto, duly demanded of the defendant payment of said sum of $28.42, and at the time of making such demand served upon the defendant an itemized statement, showing the particular items composing such sum of $28.42, which he had failed to account for and pay over as aforesaid, and called his particular attention to such items; that a sufficient time elapsed thereafter, before the commencement of this action, to enable the defendant to examine the accounts as plaintiff claimed the same to exist, and as shown by a statement served on the defendant at the time of making the aforesaid demand, and that defendant wholly neglected and refused to comply with such demand. It is further alleged that the commencement of this action was duly authorized by the town board of said town. The complaint further sets forth similar facts to constitute a cause of action for a balance on account of money alleged to have been retained by defendant for each of the six succeeding years, being from 1884 to 1889, inclusive. Judgment was demanded for the seven several sums, aggregating in all $522.21, with interest on each sum from the time it was alleged defendant wrongfully failed to account for and pay over the same.

Defendant demurred generally on several grounds, among which were that the complaint does not state facts sufficient to constitute a cause of action, and that it was not brought within the time limited by law; and also demurred specially to the first cause of action on the two grounds particularly mentioned. The demurrers were overruled, and defendant appealed.

For the appellant there was a brief by *Humphrey & Arnquist* and *W. F. McNally*, and oral argument by *Mr. McNally*. They argued that the complaint did not state a cause of action on the treasurer's bond, but if so intended, the action was barred by statute. *Sheldon v. Rockwell*, 9 Wis. 166, 181; *Sable v. Maloney*, 48 Wis. 321; *Rogers v. Van Nortwick*, 87 Wis. 414; Story, Eq. Jur. § 1520; Wood, Lim-

itations, 117; *Spalding v. Farwell*, 70 Me. 17; *Hunt v. Ellison*, 32 Ala. 173; *Kerby v. Jacobs*, 13 B. Mon. 435; *Wilson v. Anthony*, 19 Ark. 16. The complaint fails to show that the action was authorized by the town electors, as sec. 776, R. S., requires. *State ex rel. Manitowoc v. County Clerk of Manitowoc Co.* 59 Wis. 15; *State ex rel. Baraboo v. Sauk Co.* 70 id. 490; *State ex rel. Spring Lake v. Pierce Co.* 71 id. 322; *Fox Lake v. Fox Lake*, 62 id. 486, 489.

For the respondent the cause was submitted on the brief of *S. J. Bradford* and *Baker & Helms.*

MARSHALL, J. The several alleged causes of action are substantially alike, except that each is for a balance for a particular year. If the first cause is well stated, all are, and the demurrers were properly overruled.

The first claim by defendant's counsel is that the action is not on the official bonds of the defendant, but is on his personal liability as treasurer. We are unable to concur in that view. The defendant was liable independent of the bonds, and liable upon the bonds as well. It was proper to bring the action upon either liability and upon the bonds without joining the bondsmen. The complaint contains all the necessary allegations to show the pleader's intent to declare for a breach of the official bond in respect to each cause of action. The conditions of the bonds are set out, and the facts pleaded constituting the breach relied upon as to each. If the causes of action were independent of the bonds, it would have been sufficient to allege generally that defendant duly qualified and entered upon the duties of his office, without setting forth particularly the conditions of the bonds. We reach the conclusion without difficulty that the several causes of action are upon official bonds given by the defendant, and that they are all well pleaded. Such bonds being instruments under seal, obviously the statute of limitations had not run at the time of the commencement of the action.

Compliance with sec. 776, R. S., respecting the necessity for a vote of the electors of the town at the annual town meeting, to authorize the action, was not necessary. That section provides that the qualified electors of each town shall have power at any town meeting to direct the institution and defense of all actions in which the town is a party or interested; but sec. 819, R. S., provides that "the supervisors of each town shall . . . see that . . . all breaches of official bonds to the damage of the town . . . are prosecuted." The authority of the supervisors to institute and prosecute actions in the cases specially mentioned in sec. 819 is mandatory, and does not depend upon a vote of the electors of the town, under sec. 776. *Fox Lake v. Fox Lake*, 62 Wis. 486; *State ex rel. Manitowoc v. County Clerk of Manitowoc Co.* 59 Wis. 15; *Woodman v. Bohan*, 91 Wis. 36.

The point is raised that presumably the settlement made between the defendant and the town board for each year was examined and ratified by the people at the succeeding town meeting, pursuant to sec. 822, R. S., and that such settlement and ratification are binding on the town. The law applicable to settlements between private parties does not apply to settlements between a public corporation and its officers, respecting the handling by the latter of public money. Notwithstanding such settlements, if such officers, by a mistake or otherwise, wrongfully retain public money in their hands, they may be proceeded against therefor at any time thereafter, upon discovery of the facts, within the period of the statute of limitations. Throop, Pub. Off. §§ 280–283; *Otsego Lake v. Kirsten*, 72 Mich. 1; *Palo Alto Co. v. Burlingame*, 71 Iowa, 201; *Boardman v. Flagg*, 70 Mich. 372; *Sexton v. Richland Co.* 27 Wis. 349.

The result of the foregoing is that the trial court properly overruled defendant's demurrers.

*By the Court.* — The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.