MALDANER and another, Appellants, vs. BEURHAUS and another, imp., Respondents.

*October 12 — October 30, 1900.*

*Estates of decedents: Distribution: Conclusiveness of judgment: Unnecessary recitals: Division of residue in form of securities: Mistake as to validity: Setting aside settlement: Joinder of causes of action: Limitations: Laches.*

1. Sec. 3940, Stats. 1898, provides that in the judgment assigning the residue of an estate the county court shall name the persons entitled thereto and the part to which each is entitled, and that "such persons shall have the right to recover their respective shares . . . from any person having the same." Such a judgment recited that the residue consisted of "notes and mortgages and money on hand, amounting in all to the sum of $43,547.15," and assigned to each of the residuary legatees one fifth thereof, "being the sum of $8,709.43." The executors divided said notes, mortgages, and money among the residuary legatees, with their consent and co-operation, upon the assumption that all the securities were valid, and took from each a receipt for the amount. Some years afterward it was discovered that certain of the securities were forgeries or otherwise invalid; and the several persons who had received them brought suit against all the other residuary legatees to set aside the judgment and to have the true amount of the residue of the estate ascertained and to compel the defendants to pay a sufficient amount to equalize the distribution. *Held:*

(1) The recital of amounts in the judgment was not an essential part thereof and is not conclusive upon the parties.

(2) The division of the securities was not made by the judgment, but in effect by the parties themselves as a settlement of the estate, and having been made under a mutual mistake of fact it may be set aside on that ground.

(3) Such division and settlement was a single transaction affecting all the parties, and there was no misjoinder of causes of action.

2. The judgment assigning the residue was entered in February, 1893. After the death, in October, 1896, of a banker through whom the decedent had obtained the securities, it was discovered that some of them were invalid through forgery or fraud of said banker, but the question as to the validity of one note and mortgage was not decided until the termination of litigation with the makers in April, 1899. The present action was commenced in August, 1899. *Held,* that it was not barred either by subd. 3, sec. 4222, Stats. 1898, or by laches.

APPEALS from orders of the circuit court for Jefferson county: B. F. DUNWIDDIE, Circuit Judge. *Reversed.*

For the appellants there was a brief by *Quarles, Spence & Quarles,* and oral argument by *George Lines.* They argued, among other things, that judgments of probate courts may be set aside for fraud, accident, or mistake, the same as other judgments, by action in a court of equity. 2 Woerner, Am. Law of Administration, § 508; 2 Freeman, Judgments, §§ 484a, 500a; 2 Pomeroy, Eq. Jur. §§ 836, 837, 871; 3 id. §§ 1152–1154; *Johnson v. Coleman,* 23 Wis. 452; *Stowell v. Eldred,* 26 Wis. 504; *Barber v. Rukeyser,* 39 Wis. 590; *Hiles v. Mosher,* 44 Wis. 601; *Nevil v. Clifford,* 55 Wis. 161. The circuit court, as a court of equity, has general and original jurisdiction over the administration of estates, concurrent with the county court. And that jurisdiction will be exercised whenever it appears that a complete and adequate remedy cannot be given in the county court. *Hawley v. Tesch,* 72 Wis. 299; *Lamberton v. Pereles,* 87 Wis. 449; *Meyer v. Garthwaite,* 92 Wis. 571; *Gianella v. Bigelow,* 96 Wis. 185; *Burnham v. Norton,* 100 Wis. 8; *Hill v. True,* 104 Wis. 294; *McLachlan v. Staples,* 13 Wis. 448; *Bassett v. Warner,* 23 Wis. 673; *Catlin v. Wheeler,* 49 Wis. 507–520; *Black v. Whitall,* 9 N. J. Eq. 572; *Baker v. O'Riordan,* 65 Cal. 368; *Vanmeter v. Jones,* 3 N. J. Eq. 520; *Arnold v. Spates,* 65 Iowa, 570; *Ridenbaugh v. Burnes,* 14 Fed. Rep. 93; 11 Am. & Eng. Ency. of Law (2d ed.), 1315, 1316. As to what constitutes inadequacy of remedy, see *Ryan v. Schwartz,* 94 Wis. 403; Gary, Probate Law, § 23a.

*Harlow Pease,* for the respondent *Maldaner,* contended, *inter alia,* that several causes of action are improperly united. Each one of the plaintiffs has a separate cause of action, distinct and independent of the other. They have no common pecuniary interest. *Barnes v. Beloit,* 19 Wis. 93, 95; *Shanahan v. Madison,* 57 Wis. 276, 283. An action does not lie by a legatee to set aside an assignment of a

chose in action by an executor on the ground of inadequacy of consideration and mistake on the part of the executor as to the value of the claim, in the absence of actual fraud or collusion. *Deffendarfer v. Dicks,* 20 Weekly Dig. 507; *Levy v. Passavant,* 19 App. Div. 71; *Vietor v. Levy,* 72 Hun, 263, affirmed, 148 N. Y. 739; *Penny v. Martin,* 4 Johns. Ch. 566. When one of the distributees under a will consents to take a portion of the property allotted to him, though unequal in value, it is a waiver of any objection for want of a just division. *Desverges v. Desverges,* 31 Ga. 753; *Grady v. Porter,* 53 Cal. 680, 686; *Tobelman v. Hildebrandt,* 72 Cal. 313, 316; *Barlage v. D., G. H. & M. R. Co.* 54 Mich. 564, 570; *Whitman v. Watson,* 16 Me. 461; *Smith v. Payne,* 2 Bush, 583; *Haden v. Haden's Heirs,* 7 J. J. Marsh. 168.

*John G. Conway,* for the respondent *Beurhaus,* contended, *inter alia,* that all the actions and inactions of the plaintiffs in reference to the Tesch papers and the Gogert papers, as shown by the complaint, manifest such laches, gross carelessness, indifference, and negligence in reference to those papers, and their respective rights under them, as to preclude them absolutely from recovery against this defendant. *Powell v. Murray,* 2 Edw. Ch. 636; *Hammond v. Hopkins,* 143 U. S. 224; *Norris v. Haggin,* 136 U. S. 386; *Carmichael v. Argard,* 52 Wis. 607; *Conner v. Welch,* 51 Wis. 431, 443; *In re Estate of Holden,* 37 Wis. 98, 107; *Coon v. Seymour,* 71 Wis. 340; *Rogers v. Van Nortwick,* 87 Wis. 414; *Thomas v. Thomas,* 88 Wis. 88; *Melms v. Pabst B. Co.* 93 Wis. 153, 173. The allegations of the complaint that the plaintiffs were not aware of the invalidity of the notes and mortgages in question "until some months after the death of W. T. Rambusch," is an insufficient statement of the time at which the plaintiffs learned of the frauds that had been committed by Rambusch. In this the complaint is fatally defective. *Marsh v. Whitmore,* 21 Wall. 178; *Rogers v. Van Nortwick,* 87 Wis. 414, 429.

CASSODAY, C. J.   This action was commenced August 19, 1899, by the plaintiffs, *Mary* and *Arthur Maldaner*, against the defendants, *Pauline Beurhaus*, *Matilda Maldaner*, Edward Maldaner, and William Volckmann, to vacate and set aside a judgment and decree of the county court of Jefferson county entered February 21, 1893, assigning the estate of Henry Maldaner, deceased, and for an accounting, and that the true residuum of such estate be ascertained, and that the defendants *Pauline, Matilda,* and Edward be severally required to pay to the plaintiffs a sufficient amount to make the share of each of them equal to the share of such defendants.   The defendants *Pauline* and *Matilda* each separately demurred to the amended complaint.   The court entered two separate orders, one sustaining each of such demurrers.   The plaintiffs bring a separate appeal from each of such orders.

The amended complaint alleges, in effect, that December 23, 1891, Henry Maldaner died at his domicile in Watertown, leaving a last will and testament, a copy of which is annexed to, and made a part of, such complaint, and which will was duly admitted to probate in said county court, February 2, 1892; that letters testamentary were thereupon issued to the defendant William Volckmann and the plaintiff *Mary Maldaner*, as executor and executrix of such will; that after paying and discharging all debts of the estate and all expenses of the administration thereof, and on February 21, 1893, such executor and executrix duly filed their final account, and prayed for the settlement and allowance thereof, and for their discharge; that such account represented that they had on hand for distribution and assignment, in money, securities, and property, the amount of $43,547.15 in value; that thereupon and on the same day the county court made and entered an order and decree therein assigning such residue, as provided by the will, in equal parts to the plaintiffs and defendants *Pauline, Mary,*

and Edward, subject to certain deductions on account of payments theretofore made to the plaintiffs, and decreeing that the executor and executrix, upon payment of the several sums specified in such decree to the plaintiffs and defendants named, and the filing of receipts therefor, be discharged from such trust; that a copy of such decree is annexed to, and made a part of, such complaint.

The complaint further alleges that thereafter, and in pursuance of such decree, the executor and executrix paid and assigned to each of the plaintiffs and each of the three defendants named money, securities, and property purporting to be the amount and value of the several sums directed in and by such decree, and took from each of such persons, respectively, receipts therefor and filed the same in the county court; that among such assets were a note and mortgage purporting to have been executed by one John Tesch for $1,600 and interest, and also a note and mortgage purporting to have been executed by one Frederich Gogert for $3,000 and interest; that at the time of such settlement the Tesch note and mortgage, with the accrued interest, amounted to $1,707.16, and the same was assigned to the plaintiff *Mary Maldaner*, by such executor and executrix, as a part of her distributive share of such estate; that after the death of one W. T. Rambusch, October 18, 1896, it was discovered that the Tesch note and mortgage had been forged by Rambusch, and was of no value; that at the time of such settlement the Gogert note and mortgage, with accrued interest, amounted to $3,195, and the same was assigned to the plaintiff *Arthur Maldaner*, by such executor and executrix, as a part of his distributive share of such estate; that after the death of Rambusch it was discovered that, in truth and in fact, Gogert received, upon the execution of that note and mortgage, only $2,000, and that he and his wife were induced to sign such instrument through the false and fraudulent representations of Rambusch; that upon the discovery

of such fraud and misrepresentations, after the death of Rambusch, the plaintiff *Arthur Maldaner* surrendered that note and mortgage, and took from Gogert and wife a new note and mortgage for $2,000 only; that the testator received such notes and mortgages from Rambusch, who, to conceal such forgery and fraud, had, from time to time, paid what purported to be the interest due thereon; that the plaintiff *Arthur Maldaner* became of age October 21, 1895; that upon such settlement he received a certain other note and mortgage, which the testator had obtained through Rambusch, and which the maker thereof claimed to have been altered by Rambusch, and refused to pay until suit brought, which was finally decided April 10, 1899, and until then it was impossible to determine whether such note and mortgage were void or valid, and hence the delay in bringing this action.

By the terms of the will, a copy of which is annexed to, and made a part of, the complaint, the residue of the estate was to be equally divided among the widow, *Mary Maldaner*, and the five children of the testator, Frank J., *Pauline, Matilda*, Edward, and *Arthur*. It appears from a copy of the decree of the county court, which is annexed to, and made a part of, such complaint, that the son Frank J. had, prior to the rendition of such decree, assigned and transferred all his interest in the estate to the executors for the benefit of the other residuary legatees under the will, in compromise, settlement, and payment of his indebtedness to the estate. Accordingly, such decree of the county court ordered and adjudged that such residue of the estate, consisting of notes and mortgages and money on hand, amounting in all to $43,547.15, be, and the same was thereby, assigned to such other residuary legatees, *Mary, Pauline, Matilda*, Edward, and *Arthur*, being one fifth thereof,— that is to say, $8,709.43 — to each,— except that from the one-fifth to *Mary* was to be deducted $51.30, which had there-

tofore been paid to her, and further except that from the one-fifth to *Arthur* was to be deducted $465.39, which had theretofore been paid to him.

Such residue of the estate was so assigned under and by virtue of the statute, which declares that "the county court shall, by an order or judgment, assign the residue of the estate, if any, to such other persons as are by law entitled to the same. In such order or judgment the court shall name *the persons and the part* to which each shall be entitled. Such persons shall have the right to recover their respective shares from the executor or administrator *or from any person having the same.*" Sec. 3940, Stats. 1898. It will be observed that this statute did not require the county court to name the aggregate amount of such residue, nor the amount in dollars and cents which each person was to receive, but simply to "name the persons and the part to which each" was entitled. This was satisfied by naming the persons and adjudging that each was entitled to one fifth of such residue, less the respective amounts which theretofore had been paid to two of them. In stating that such residue consisted of "notes and mortgages and money on hand," amounting in all to $43,547.15, and that the one-fifth share of each amounted to $8,709.43, less the deductions mentioned in the case of two of them, the court was merely stating what appeared from the final account of the executor and executrix filed on the day of the entry of such decree. The statute quoted did not require, and the court did not find, nor undertake to find, the value of any notes and mortgages on hand. The court was not called upon to make partition of the estate, and did not undertake to make such partition. Secs. 3942, 3947, 3952. The court might have ordered the sale of such notes and mortgages, but it did not. Sec. 3924. The court did not adjudge, nor undertake to adjudge, that the Tesch note and mortgage should be the property of the plaintiff *Mary*, nor that the Gogert note and

mortgage should be the property of the plaintiff *Arthur.* On the contrary, and as indicated, the court simply assigned such residue of the estate, including both of those notes and mortgages, to the five residuary legatees named, "in equal shares, being one fifth thereof to each." By such decree, therefore, the Tesch note and mortgage and the Gogert note and mortgage became the property of all five legatees, each of the five becoming the owner of the undivided one-fifth of such notes and mortgages, respectively.

It appears from the complaint, in effect, that after the entry of such decree, and in pursuance thereof, and upon the assumption that the two notes and mortgages were genuine and that each represented a *bona fide* indebtedness for the amount stated therein, the executor and executrix, with the consent and active co-operation of all the five persons named, partitioned such residue equally, as they supposed, among such five persons, by giving to each certain specific property, and taking from each a receipt for what would have been the true amount if all of such securities had been genuine and taken without fraud, and filed such receipts. Such partition of the estate, however, was not made by the decree, but by and with the consent and active co-operation of the five persons named, and as a settlement among themselves of such estate. True, the decree named the aggregate amount of notes and mortgages and money on hand, as appeared from the account of the executor and executrix on file, and the one-fifth thereof which would go to each, subject to the deductions mentioned in the case of two of them. But, as indicated, such recital of amounts was merely incidental, and was not necessary under the statute quoted, and hence did not constitute an essential part of the decree, and is not conclusive upon the parties. This has recently been held by very high authority. *De Mora v. Concha,* 29 Ch. Div. 268, affirmed in the House of Lords, *Concha v. Concha,* 11 App. Cas. 541; *Frame v. Thormann,* 102 Wis. 653, 671,

affirmed in *Thormann v. Frame*, 176 U. S. 350, 356; *Overby v. Gordon*, 177 U. S. 214, 224–226.

It follows from what has been said that the most important question here presented for consideration is whether such partition and settlement, so made by the parties themselves, is conclusive upon the plaintiffs, or may be partially opened and set aside for mutual mistake. It is manifest, from the allegations of the complaint, that none of the parties to this action suspected, or had any reason to suspect, any forgery or fraud as to either of the notes and mortgages mentioned, until some months after the death of Rambusch, October 18, 1896. On the contrary, it appears that Rambusch, who was, during the time, a banker, engaged largely in loaning money and collecting interest, concealed such forgery and fraud by, from time to time up to his death, remitting interest as it accrued by the terms of such notes and mortgages, and that the plaintiffs did not ascertain all of the facts in relation thereto until more than a year after the death of Rambusch. It sufficiently appears from the complaint that such partition and settlement was made while all the parties to this action verily believed that such notes and mortgages were all genuine and valid securities, and that no such partition and settlement would have been made had not all the parties to this action at the time acted under the mutual mistake that such notes and mortgages were genuine and valid securities and none of them forged or procured by fraud. Such partition and settlement having been made under such mutual mistake or ignorance of fact as to the fraud and forgery, the plaintiffs are justly entitled to relief from the same. Such is the settled law in this state as well as others. *Hurd v. Hall*, 12 Wis. 112; *Jefferson Co. v. Jones*, 19 Wis. 51; *Sexton v. Richland Co.* 27 Wis. 349; *Cleveland v. Burnham*, 64 Wis. 347; *Cady v. Bailey*, 95 Wis. 370.

Maldaner and another vs. Beurhaus and another.

The county court assigned to each of the plaintiffs the undivided one-fifth of such residue of the estate. It was supposed by all parties that they each received the same by the voluntary partition and settlement made. By reason of such mutual mistake of fact, each of the plaintiffs failed to receive such share. The statute quoted provides that they "shall have the right to recover their respective shares . . . from any person having the same." It is contended that several causes of action are improperly united; that each plaintiff had a separate cause of action and should have sued alone. But it is obvious that the partition and settlement so made by the parties was a single transaction, affecting all of the parties. It necessarily follows that all the parties are interested and have a right to be heard upon the question as to whether such partition and settlement should be partially opened and set aside, and they are each and all necessary parties to a complete determination of that question. The case is peculiarly equitable in its nature, and we perceive no misjoinder of causes of action.

Upon the facts alleged, the case is not barred by any statute of limitation nor by laches.

As we have construed the decree of the county court, the question elaborately discussed by counsel on both sides, as to the jurisdiction of the circuit court, is not here involved.

*By the Court.*— Both orders of the circuit court are reversed, and the cause is remanded with direction to overrule the demurrers and for further proceedings according to law.